**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Joy Kidwell, | No. CIV-05-2150-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Navapache Regional Medical Center; and Kelly Bunton. | |
| Defendants. | |

On July 21, 2005, Plaintiff filed a Complaint (Dkt. #1) and Motion to Proceed In Forma Pauperis (Dkt. #2). On August 5, 2005, the Court held in abayance its ruling on the motion to proceed in forma pauperis and dismissed the Complaint without prejudice for failure to allege a claim with federal subject matter jurisdiction. See 28 U.S.C. §§ 1915(a) and (e)(2). On September 6, 2005, Plaintiff filed an Amended Complaint. Dkt. #6.

Plaintiff's Amended Complaint alleges the Court has federal question subject matter jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, 28 U.S.C §§ 1331, 1343. Plaintiff asserts Defendants, acting under color of state law, violated her Fourth and Fourteenth Amendment rights by disclosing to Plaintiff's husband she suffers from Hepatitis C.  In her Amended Complaint, Plaintiff maintains Defendants disclosed her confidential information in violation of state and federal law.  Further, Plaintiff asserts Defendants are regulated through state and federal agencies and Defendant Navapache Regional Medical Center is a non-profit

1 organization which is provided tax exempt status by the state and federal government. Am.
2 Compl. ¶¶ 12-16.

3      A section 1983 plaintiff must demonstrate a deprivation of a right secured by the
4 Constitution or laws of the United States and that the defendants acted under color of state
5 law. West v. Atkins, 487 U.S. 42, 48 (1988). While generally not applicable to private
6 parties, a section 1983 action can lie against a private party, where the civil rights litigant
7 establishes the private actor engaged in either: (1) public function; (2) joint action; (3)
8 governmental compulsion or coercion; or (4) governmental nexus. Kirtley v. Rainey, 326
9 F.3d 1088, 1092 (9th Cir. 2003).

10      "Acts of ... private contractors do not become acts of the government" even if the
11 private contractors are significantly or totally engaged in work under public contracts.
12 Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982). The Ninth Circuit has consistently
13 dismissed private hospitals, doctors, and attorneys in section 1983 claims for failing to come
14 within the color of state law. See Briley v. State of Cal., 564 F.2d 849, 855-56 (9th Cir.1977)
15 (private hospitals not acting under color of state law unless the state is significantly involved
16 in the private party's activities); Watkins v. Mercy Med. Center, 520 F.2d 894, 896 (9th
17 Cir.1975) (private doctors normally do not come within the color of state law). Furthermore,
18 the fact that Defendant is regulated by the state and receives tax exempt status does not
19 transform Defendant into a governmental actor. Mendez v. Belton, 739 F.2d 15, 17-18 (1st
20 Cir. 1984) (holding physician failed to prove that private hospital acted "under color of state
21 law" in deciding to suspend her staff privileges because extensive government regulation,
22 receipt of federal Hill-Burton construction funds, and tax-exempt status did not transform
23 otherwise private hospital into a governmental actor).

24      The Court is mindful of its duty to liberally construe a self-represented plaintiff's
25 pleadings. Boag v. MacDougall, 454 U.S. 364, 365 (1982). Although the facts in Plaintiff's
26 Amended Complaint may state a claim for intentional infliction of emotional distress, breach
27 of contract, malpractice under the physician's tort liability for unauthorized disclosure of
28 confidential information, etc., these claims do not provide subject matter jurisdiction

1 pursuant to 28 U.S.C. § §1331, 1332 in federal court and instead would be more properly
2 raised in state court. The Court has a duty to ensure that it has subject matter jurisdiction
3 over all cases before it. See generally, Valdez v. Allstate, 372 F.3d 1115, 1116 (9th Cir.
4 2004). The party asserting jurisdiction has the burden of proving jurisdiction. Id.
5 Accordingly, based on the foregoing, Plaintiff has failed allege subject matter jurisdiction.
6 Therefore, the Amended Complaint will be dismissed without leave to amend to allow
7 Plaintiff to file suit in state court if appropriate.

8 **Accordingly**

9 **IT IS HEREBY ORDERED** denying the application for leave to proceed in forma
10 pauperis without prepayment of costs or fees or the necessity of giving security therefore.
11 (Dkt. #2.)

12 **IT IS FURTHER ORDERED** the complaint is dismissed without prejudice without
13 leave to amend.

14 **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment
15 accordingly.

16 DATED this 15th day of November, 2005.

_____
Mary H. Murgula
United States District Judge